

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

November 30, 1965

Honorable M. E. Laas
County Attorney
Austin County
Bellville, Texas

Opinion No. C-555

Re: Whether an election judge
who delivers the returns of
an election on the morning
after the election instead
of immediately after the
votes are counted is entitled
to any compensation for his
services in delivering the
returns and unused election
supplies.

Dear Sir:

Your request for an opinion of this office on the above-captioned subject reads as follows:

"Chapter 678, page 1554, Act of the 59th Legislature, 1965, Section 3, has amended Article 3.08, Vernon's Texas Election Code, so that it now in part reads:

"'. . . A judge who delivers returns of the election immediately after the votes have been counted shall be paid Five Dollars ($5) for that service; provided also, he shall make returns of all election supplies not used when he makes the return of the election.'

"The County Judge's writ of election stipulated that such returns were to be made immediately after the election, is in proper statutory form and was duly and timely served on the proper election judge for the election that was held on November 2, 1965.

"Several of the election judges in Austin County, Texas, did not make their return of the election, nor deliver their election supplies until after 8:00 o'clock A.M. on the morning of November 3, 1965.

-2680-

"In all of these cases the votes had been fully counted and the returns ready for delivery before midnight of November 2, 1965.

"We have two questions we would like for you to answer for us:

"1. Can the Commissioners Court lawfully refuse to pay the election judges making late election returns?

"2. Can the election judges making late returns lawfully be paid any consideration whatever for making such late returns?"

We have reached the conclusion that under the facts stated in your opinion request, the Commissioners Court of Austin County cannot lawfully refuse to pay the amount stated in Article 3.08 to the election judges involved in your request.

The history of five different articles of the Texas Election Code is pertinent to the construction of the provision under consideration, namely, Articles 3.08, 8.29, 8.30, 8.31 and 8.32.

The Revised Civil Statutes of 1925, as originally enacted, contained the following provisions:

"Art. 3026. Return of elections. --When the ballots have all been counted, the managers of the election in person shall make out triplicate returns of the same, * * * one of which returns, together with the poll lists and tally lists, shall be sealed up in an envelope and delivered by one of the precinct judges to the county judge of the county; * * *."

"Art. 3027. To be stored. --One of the precinct judges shall deliver the returns of election with certified lists of qualified voters, with all stationery, rubber stamps and blank forms and other election supplies not used, to the county judge, immediately after the votes have been counted. * * *." (Emphasis added throughout.)

"Art. 2943. Pay of judges and clerks.
Judges and clerks of general and special
elections shall be paid three dollars a day
each, and thirty cents per hour each for any
time in excess of a day's work as herein de-
fined. The judge who delivers the returns of
election immediately after the votes have
been counted shall be paid two dollars for that
service, provided the polling place of his
precinct is at least two miles from the court-
house, and provided also he shall make re-
turns of all election supplies not used when
he makes return of the election. * * *."

In 1925 there was no statute defining more specifically
the term "immediately after the votes have been counted."
As we interpret the above-quoted statutes, we think it likely
that this term as used in Article 2943 was intended merely to
identify the service for which the compensation was to be paid,
i.e., the delivery of the returns after the election has been
held, and was not intended to make delivery within a given
period of time a condition precedent for entitlement to compensa-
tion for the service, as did the provisions with respect to
distance of the polling place from the courthouse and with
respect to return of unused election supplies. If that was
true, we believe the term continued to have the same significance
in the 1965 amendment to Article 3.08 of the Election Code.
However, assuming that timely delivery was a condition for
payment, we believe the answer to your question would be the
same under either construction of the provision.

In Hicks v. Matthews, 153 Tex. 177, 266 S.W.2d 846,
849 (1954), the Supreme Court of Texas discussed the meaning
of the word "immediately," as follows:

"* * * The word 'immediately' is a term
of relative signification. Sometimes it is
understood to mean instantaneously or without
intervention of time, but as used in most
statutes, it is not to be construed so strictly.
The law must be given a practical and reasonable
application. Accordingly, the word 'immediately'
is very generally held to mean with due diligence."

Numerous other cases have made similar comments on the flexibility of the meaning of the word. See, for example, the quotations in Guerra v. State, 155 Tex.Crim. 306, 234 S.W.2d 866, 868 (1950), one of which is as follows:

"The word 'immediately,' whether occuring in contracts or statutes, refers to the act that must be performed within such convenient time as is reasonably requisite, and what is a reasonable time must be determined from the facts of the particular case."

Pioneer Casualty Company v. Blackwell, 383 S.W.2d 216, 219 (Tex.Civ.App. 1964, error ref. n.r.e.), said that a requirement that an act be performed "immediately" meant "within a reasonable time under the circumstances, and ordinarily is a question of fact."

In 1933 the Legislature enacted a statute specifying an exact time limit within which the returns were to be delivered to the county judge. Acts 43rd Leg., R.S., ch. 228, sec. 1, p. 769, codified as Art. 3026a, V.C.S. It provided that the presiding judges in general and special elections "shall, within seventy-two hours after the closing of the polls in said general and special elections, make a report of the returns of said election to the County Judge of their respective counties * * *." Section 3 of the Act (codified as Article 231b of Vernon's Texas Penal Code) made it a misdemeanor offense for any presiding judge to fail to make the complete official returns within the prescribed time limit. Article 2943, relating to pay of election judges, was not amended.

In the Election Code of 1951, the time limit in former Article 3026a, which became Article 8.30 of the Election Code, was changed to provide that the returns were to be forwarded to the county judge "within thirty-six (36) hours after all votes have been counted and tabulated; which said count and tabulation must be completed within twenty-four (24) hours after the closing of the polls." Former Article 3027, which became Article 8.31 of the Election Code, was amended to provide that the returns and unused supplies were to be delivered to the county judge "within twenty-four (24) hours after the votes have been counted," in lieu of the former provision requiring delivery "immediately after the votes have been counted." Former Article 2943, relating to pay of election judges and clerks, had been amended in 1937 and 1945 to make various changes, and other changes were also made in 1951 when it was carried forward as Article 3.08

of the Election Code; but in each instance no change was made in the provision that "the judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars for that service."

Laying aside the question of what effect performance at a later time would have had on entitlement to pay, we have no doubt whatever that as the law stood in 1951 an election judge who delivered the returns within the time limits specified in Article 8.30 and 8.31 would have been entitled to pay for the service.[1] In other words, the term "immediately" as used in Article 3.08 was not intended to mean instantaneously or without intervention of time.

In 1963, Article 8.30 of the Election Code was amended to require delivery of the returns to the county judge "immediately after all votes have been counted and tabulated, and not later than twenty-four hours after the closing of the polls," in lieu of the former provision requiring the returns to be forwarded within 36 hours after the counting of the ballots had been completed. Article 8.31 was also amended to provide the same time limit for returning the unused election supplies, substituting the county clerk for the county judge as the officer to whom the unused supplies were to be delivered. Article 8.32 was amended to provide the same time limit for delivering the counted ballots to the county clerk. As used in these three amendments, the word "immediately" evidently was intended to mean that the returns were to be brought in for delivery without any appreciable lapse of time after the ballots were counted. Twenty-four hours after the closing of the polls was fixed as the absolute deadline for timely performance.

In 1963, Article 3.08 was also amended in the same bill with the articles mentioned in the foregoing paragraph. The pro-

---

[1] There was a slight inconsistency between these two articles as to the deadline for delivering the returns. Article 8.30 provided for forwarding of the returns within 36 hours after all votes had been counted, while Article 8.31 provided for delivery within 24 hours after completion of the count.

vision with which we are here concerned was amended to read as follows:

> "* * * The judge who delivers the returns of election may be paid an amount not to exceed two dollars for that service; provided, also, he shall make returns of ballots, ballot boxes, and election supplies not used when he makes returns of the election."

This amendment deleted the language "immediately after the votes have been counted," although Articles 8.30, 8.31, and 8.32 were amended to require immediate delivery. Obviously, the Legislature did not intend to make immediate delivery, under the meaning it had given to the term in the 1963 amendments, a condition for payment for this service.

Article 3.08 was amended in several other respects in 1963, which brought about a substantial revision of the language throughout the statute. Article 3.08 was again amended in 1965 to increase the pay rates specified in the statute. Acts 59th Leg., R.S., ch. 678, sec. 3, p. 1554. From a comparison of the text of the amendment with Article 3.08 as enacted in 1951 and as amended in 1963, it is evident that the 1951 statute rather than the 1963 statute was used as the basis for the 1965 amendment. In 1951, the provision under consideration read as follows:

> "* * * The judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars ($2) for that service; provided, also he shall make returns of all election supplies not used when he makes returns of the election."

Besides changes in pay provisions for services rendered at polling places, the 1965 amendment changed the provision on pay for delivering the returns, so that it now reads:

> "* * * A judge who delivers returns of the election immediately after the votes have been counted shall be paid Five Dollars ($5) for that service; provided also, he shall make returns of all election supplies not used when he makes the return of the election."

The change, other than the increase from $2 to $5, is to use the language "a judge who delivers returns" in place of "the judge who delivers the returns". Undoubtedly, there is room for argument that by this change in language the Legislature intended to change the signification of the word "immediately" as used in the 1951 statute, so as to give it the same meaning as in Articles 8.30 and 8.31 of the Code. However, we do not believe this alteration in wording is sufficient evidence of such an intent to support a construction which would depart so radically from the former meaning of the provision as it had existed over a long period of years. We are of the opinion that, as in 1951, an election judge who delivers the returns before the deadline fixed by Articles 8.30 and 8.31 is entitled to the pay provided for that service.

Since the returns in question were delivered before the deadline of 24 hours after closing of the polls, we are of the opinion that the election judges are entitled to receive $5.00 for the service, as provided in the 1965 amendment.

It is not necessary in this opinion to consider whether a judge who did not deliver the returns until after the 24-hour deadline would be entitled to compensation for the service.

### SUMMARY

Under the terms of Article 3.08 of Vernon's Texas Election Code, as amended in 1965, an election judge who delivers the returns of the election and the unused election supplies to the proper authorities within the statutory deadline of 24 hours after the closing of the polls, as provided in Articles 8.30 and 8.31 of the Election Code, is entitled to $5.00 for that service.

Yours very truly,

WAGGONER CARR
Attorney General

By: *Mary K. Wall*

Mary K. Wall
Assistant

MKW:ra:sj

Hon. M. E. Laas, page 8 (C-555)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Brandon Bickett
Howard Fender
Gordon Houser
Ben Harrison

APPROVED FOR THE ATTORNEY GENERAL
BY: T. B. Wright