M. A. GUERRA V. STATE.

No. 25016. December 13, 1950.

*Henry H. Brooks,* Austin, and *Gerald Weatherly,* Corpus Christi, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The prosecution was by complaint and information brought under the provisions of Art. 226, P.C., the judgment of conviction being upon the verdict of the jury reading as follows:

"We, the gentlemen of the jury, find the defendant guilty as charged with the maximum fine of ($500.00) five hundred dollars and six months in jail."

Art. 226, P.C., reads as follows:

"Any presiding officer of any election precinct who shall fail, immediately after such election, to securely box, in the mode prescribed by law, all the ballots cast thereat, and within the time provided by law, thereafter to deliver the same to the county clerk of his county, shall be fined not less than fifty nor more than five hundred dollars, and in addition thereto, may be imprisoned in jail not exceeding six months."

Resorting to Art. 3028, R.C.S., as amended by Acts of the 51st Leg., Ch. 361, p. 690, to supply the referred to "mode prescribed by law" and "time prescribed by law," the court gave the jury the following instructions:

"Our Statutes provide that immediately after counting the votes by the Managers of the election, the presiding officer shall place all the ballots voted, together with one (1) poll tax list and one (1) tally list into a wooden or metallic box, and shall securely fasten the box with nails, screws, or locks and he shall immediately deliver said box to the County Clerk of his County * * *."

And in applying the law to the facts, the court instructed the jury:

"Now if you find and believe from the evidence beyond a reasonable doubt that the defendant M. A. Guerra on or about the time alleged in the information and complaint, did while having so acted as Presiding Judge at the election alleged in the complaint and information, fail to deliver to the County Clerk of Starr County, Texas, the ballot boxes used at said election containing the ballots cast thereat, as provided by law, then you will find the defendant guilty as charged in the information and complaint and assess his punishment at a fine of not less than fifty nor more than five hundred dollars and in addition thereto you may assess a term of imprisonment in jail for any term not to exceed six months, but if you have a reasonable doubt thereof

then you will acquit the defendant and say by your verdict "NOT GUILTY."

The election in question was one held for the purpose of electing county school trustees.

We cannot agree with appellant's contention that Art. 2677, R.C.S., prescribes the time fixed for the delivery of the box referred to in Art. 226, P.C., as within 5 days after the election.

Art. 2677, R.C.S., refers to "returns of the election," and not to the box containing the voted ballots, poll list and tally list described in Art. 226, P.C.

Appellant moved to quash the complaint and information. The information differs in some particulars from the complaint, and is insufficient in that it does not allege that appellant was the presiding officer of the election precinct on the day of the election or that he in fact presided at the election. The allegation is that on the 31st day of March appellant "was the duly appointed and qualified presiding officer" and that on April 1 the election was held.

Appellant attacks the sufficiency of the complaint and information to charge an offense, contending that the word "immediately" is so relative and indeterminate that there is no ascertainable standard of guilt, since one jury might find on a set of facts that the act was done immediately, and another on the same facts, find that it was not.

He further contends that the evidence shows that no offense was committed by appellant, the box with its contents having been delivered to the clerk on April 5 following the election on April 1st.

It is not contended that the voted ballots were not securely boxed or that the ballots were in any way altered, or that the box or its contents tampered with. And it is shown that appellant reported by telephone the results of the election in such precinct and that the box was in the hands of the clerk on April 5. The correctness of the report of the returns is not challenged.

It is contended only that appellant did not deliver the box and its contents to the clerk timely.

It may be noted that Art. 226, P.C., in combination with

Art. 3028, R.C.S., as amended, provides for the punishment of any presiding officer of any election precinct who shall fail (1) "immediately" after such election to securely box, all the ballots cast by placing such ballots into a wooden or metallic box and securely fasten the box with nails, screws or locks, and (2) "immediately" thereafter to deliver the same to the county clerk.

Under Art. 3028, R.C.S., as amended, the box shall also contain 1 tally list and 1 poll tax list, and shall be accompanied with "a copy of the report of the returns."

Art. 2677, R.C.S., on the other hand requires that the returns of the election of county school trustees (the kind of election here) shall be made to the county clerk within 5 days after the election.

We find then that the presiding judge of the election is required by statute to deliver the box containing the voted ballots with "a copy of the report of the returns" to the county clerk "immediately," and by another statute to deliver the "returns of the election" to the same officer "within 5 days."

Such being the condition of our election laws in this regard, the meaning of the term "immediately," twice used in the statutes defining the offense charged, must be determined with reference thereto.

Words and Phrases, Vol. 20, pages 119, 120, contains the following comments concerning such definition:

"There is no precise definition, so far as time is concerned, of the word 'immediately.' In every case the meaning depends upon the circumstances of each case and the act to be performed."

" 'Immediately' is a term of relative signification, and never designates an exact portion of time, and is used with more or less latitude by universal consent, according to the subject to which it is applied."

"The word 'immediately' whether occurring in contracts or statutes, refers to the act that must be performed within such convenient time as is reasonably requisite, and what is a reasonable time must be determined from the facts of the particular case."

Since the amendment of Art. 3028, R.C.S., substituting "immediately" for the former provision requiring the delivery of

the boxes "within 10 days after the election, Sundays and the days of election excluded," the offense here charged is no longer so defined that a presiding officer of an election may ascertain in advance with reasonable certainty when the box containing the voted ballots must be delivered to the county clerk in order to avoid prosecution and punishment.

We are, therefore, constrained to hold that Art. 226, P.C., construed in connection with Art. 3028, R.C.S., as amended, offends against Art. 6, P.C., wherein it is provided that "No person shall be punished for an offense which is not made penal by the plain import of the words of a law."

And if valid, delivery of the box within 5 days, the time provided for delivery of the returns, would not constitute a violation of the criminal statute requiring the ballots to be securely boxed "immediately," and the boxes, with the contents and accompanying "copy of the report of the returns" delivered to the county clerk "immediately."

The judgment is reversed and the prosecution ordered dismissed.

Opinion approved by the Court.