**Ellis GARRETT, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 38274.

Court of Criminal Appeals of Texas.

June 2, 1965.

· Gilbert M. Spring, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

Appellant was found guilty and assessed a fine of $100 in a trial upon complaint and information filed September 30, 1963, which appears to have been drawn under Sections 31 and 32(d) of Art. 6701h Vernon's Ann. Civ.St. which then provided:

"Section 31. Any person whose license or registration shall have been suspended as herein provided, or whose policy of insurance or bond, when required under this Act, shall have been canceled or terminated, or who shall neglect to furnish other proof upon request of the Department shall immediately return his license and registration to the Department. If any person shall

fail to return to the Department the license or registration as provided herein, the Department shall forthwith direct any peace officer to secure possession thereof and to return the same to the Department."

Section 32(d) provides: "Any person willfully failing to return license or registration as required in Section 31 shall be fined not more than Five Hundred Dollars ($500) or imprisoned not to exceed thirty (30) days, or both."

The information was not attacked by motion to quash or exception and need not be set out. We observe, however, that there was no allegation that the suspended license and registration were not returned *immediately*.

We are in accord with appellant's contention that the quoted Section 31 is vague and uncertain as to the time in which the suspended license and registration must be returned, and that Section 32(d) construed with Section 31 is invalid as a penal statute. Guerra v. State, 155 Tex.Cr.R. 306, 234 S.W.2d 866. See also Attorney General Opinion No. C–341 dated November 3, 1964, where a similar conclusion was reached as to Section 31 as amended, the opinion concluding with the following summary:

"By the force and authority of Guerra v. State, supra, and the inhibitions of the Constitution and Penal Code of the State of Texas, until Article 6701–h, Section 31 V.C.S. is amended or the term 'immediately' has been determined, measured, defined and reduced to a reasonable certainty capable of common and ordinary understanding, Article 6701–h, Section 32(d), V.C.S., construed in connection with Article 6701–h, Section 31, V.C.S. is manifestly unconstitutional and void on its face for indefiniteness and uncertainty of those particular acts or omissions which constitute the offense set forth therein."

The judgment is reversed and the prosecution is ordered dismissed.