The TRAVELERS INSURANCE COMPANY,
Appellant,

v.

A. J. QUIBEDEAUX, Appellee.

No. 6817.

Court of Civil Appeals of Texas.

Beaumont.

April 7, 1966.

Rehearing Denied June 2, 1966.

Strong, Pipkin, Strong & Nelson, Beaumont, for appellant.

Jim Graves, Orange, for appellee.

STEPHENSON, Justice.

This is a workmen's compensation case. Trial was by jury and plaintiff recovered judgment for two hernias based upon the answers of the jury to the issues submitted to them. The parties will be referred to here as they were in the trial court.

Defendant contends first that there was no evidence to support the finding of the jury that the hernias appeared suddenly and immediately following the injury. Passing upon this "no evidence" point, we consider only the evidence favorable to such finding.

The evidence showed that plaintiff was a 64 year old electrician who had been employed by the insured in this case for 44 years. There is no evidence in the record that plaintiff had such hernias in any degree before the claimed injury, and the jury so found. That finding of the jury has not been attacked. Plaintiff testified: That on November 10, 1961, the date of this injury, plaintiff was engaged in the work of pulling wire through a conduit. That the wire was heavy and awkward to handle and it required much physical effort to keep the wire straight and lined up. That plaintiff felt a very severe burning and pain in his abdomen when he bent over and started to pick the wire up. That plaintiff did not lift any more and went to first aid and reported to the nurse what had happened. That the nurse took down a report as to what had happened. That plaintiff

did not go to a doctor at that time because as time went on the pain got less severe and then only when plaintiff had heavy work to do. That the burning sensation was only at the time the accident happened. That plaintiff was examined by Dr. Walthers, the company doctor, in the early part of May, 1962, when the doctor found the two hernias. That plaintiff first noticed a bulge on the right side probably two or three months after the accident which kept increasing a little bit and was pretty large at the time of the physical examination by Dr. Walthers. That Dr. Walthers performed a successful operation on both hernias October 23, 1962.

A fellow workman testified that plaintiff told him he had pulled something on the day of the accident and then later several times plaintiff told him it was still hurting. Plaintiff continued to work for the insured and was so employed at the time of this trial.

■ Article 8306, § 12b, Vernon's Ann. Civ.St., requires that the hernia resulting from the injury appear suddenly and immediately following the injury. Even though a claimant receives an injury, if the hernia does not appear suddenly and immediately following the injury, it is not compensable under this section of the compensation act.

■ The definition of hernia is set forth in Lewis v. American Surety Company, 143 Tex. 286, 184 S.W.2d 137, as follows:

"We have investigated many cases in which hernia is defined. In all of them it is described as being a protrusion, and it is universally held, so far as our investigation discloses, that unless a protrusion follows an injury no hernia is sustained within the meaning of compensation statutes. * * *

"Applying the foregoing to the record before us, we are led to the conclusion that it was not established by com-

petent evidence, as a matter of law, that petitioner sustained a hernia in any degree on August 30, 1942. The evidence does disclose, without dispute, that he suffered an injury upon that date, which may have been a hernia, but which also may have been but a perforation or an enlargement of the rings. It does not establish that a protrusion followed. If it did not, then he suffered no hernia in any degree at that time. If there was no protrusion in any degree, there was no hernia in any degree."

The evidence in this case shows plaintiff injured himself on the occasion in question and that this injury was accompanied by the sharp pain in the groin area which is common in hernia cases. But there is no evidence that there was any swelling, bulging or protrusion until two or three months after the accident. Under the definition of the Lewis Case, supra, there was no hernia until there was a protrusion.

Plaintiff contends the compensation act must be construed liberally in favor of a claimant and that the portion of the act requiring the hernia to appear suddenly and immediately following the injury should not be strictly construed. Plaintiff cites the case of Great American Indemnity Company v. Gravell, Tex.Civ.App., 297 S.W.2d 371. The facts in this case show that the plaintiff suffered an injury, at which time he had a severe pain in his left side which felt like he was being cut with a knife. He went home and when he arrived at his home, he looked at his side and it was protruding. The court held that the evidence supported the finding of the jury of the hernia appearing suddenly and immediately and said this:

"Those terms are relative, Guerra v. State, 155 Tex.Cr.R. 306, 234 S.W.2d 866, 868, 869. They are not necessarily the equivalent of 'instantaneous.' "

Plaintiff also cites the case of Texas Employers' Insurance Association v. Brantley, Tex.Civ.App., 394 S.W.2d 824. In this case

it was held that the evidence supported the finding of the jury that the hernia appeared suddenly and immediately following the injury. The following testimony was given:

"The appellee testified that on the day of his injury, February 26, 1958, while he was lifting a heavy piece of iron, he 'felt kind of a sting there in my right side and just kind of a sharp pain.'

"Q Is that down in your groin area?

"A That is right. I never thought too much about it and I went on and carried the sub on to the rig and so that night kept getting sore in there and I looked and it was kind of a swelling or puffed out place there."

It is noted that in each of these cases the "protrusion" or "swelling" or "puffed-out place" was discovered on the day of the injury. No case in Texas cited to us goes any further than these two cases in the construction of "suddenly and immediately following the injury". The point is sustained.

Reversed and rendered.