Affirmed and Opinion filed October 5, 2004









Affirmed and Opinion filed
October 5, 2004.

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-03-01055-CR

_______________

 

EDWARD GALVAN CORONADO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

_________________________________________________________

 

On Appeal from the 183rd District Court

Harris County, Texas

Trial Court Cause No. 940,420

_________________________________________________________

 

O P I N I O N

Appellant,
Edward Galvan Coronado, was charged with failure to register pursuant to the
Texas Sex Offender Registration Program (ASORP@). 
Appellant initially registered in 1998 when he was paroled following a
conviction for aggravated sexual assault. 
Although he annually verified his registration, as required, for
approximately six years, he failed to verify his registration in 2003.  After he waived a jury trial, the trial court
found him guilty and assessed punishment at twenty-five years= confinement.  On appeal, appellant contends the SORP is
unconstitutional.  We affirm.








The Statute

The SORP
requires certain sex offenders to register with the appropriate law enforcement
authority.  See Tex. Code Crim. Proc. Ann. arts. 62.01B.14 (Vernon Supp. 2004B2005).  Depending on the severity of the convicted
offense, a sex offender must verify his registration at various intervals.  Id. art. 62.06.  A sex offender commits an offense if he fails
to comply with any of the SORP=s requirements.  Id.
art. 62.10.

Appellant
contends the SORP (1) violates due process of law under the United States  Constitution, (2) violates due course of law
under the Texas Constitution, (3) constitutes ex post facto punishment in
violation of the United States Constitution, and (4) constitutes ex post facto
punishment in violation of the Texas Constitution.[1]

Due Process Challenge








In his first
and second issues, appellant contends the SORP violates due process of law
under the United States Constitution and due course of law under the Texas
Constitution because it is unconstitutionally vague on its face.  When a vagueness challenge involves First
Amendment concerns, the statute may be held facially invalid even though it may
not be unconstitutional as applied to the appellant=s conduct.  Long v. State, 931 S.W.2d 285, 288
(Tex. Crim. App. 1996); Rodriguez v. State, 47 S.W.3d 86, 88 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  However, where no First Amendment
rights are involved, we need only examine the statute to determine whether it
is impermissibly vague as applied to the appellant=s specific conduct.  Bynum v. State, 767 S.W.2d 769, 773B74 (Tex. Crim. App. 1989) (citing Village
of Hoffman Estates v. Flipside, Hoffman Estates, Inc., 455 U.S. 489,
494B95 (1982)); Rodriguez, 47
S.W.3d at 88.  Appellant has cited no
First Amendment concerns involved in this case. 
Accordingly, appellant bears the burden to establish the SORP is
unconstitutional as applied to him; that it might be unconstitutional as to
others is not sufficient.  See Bynum,
767 S.W.2d at 774; Rodriguez, 47 S.W.3d at 88.[2]


A
statute is void for vagueness when (1) it fails to give a person of ordinary
intelligence fair notice of the conduct prohibited, or (2) is so indefinite
that it encourages arbitrary and discriminatory enforcement.  Kolender v. Lawson, 461 U.S. 352, 357
(1983); Clark v. State, 665 S.W.2d 476, 482 (Tex. Crim. App. 1984).

With
respect to the first aspect of the void for vagueness doctrine, appellant
claims the SORP does not require the State to give notice to a sex offender of
the duty to register before the sex offender can be prosecuted for failure to
register.  However, appellant cites no
evidence that he lacked notice of the duty to register.  To the contrary, the evidence establishes
that the State gave appellant notice of the duty to register.








Detective
Jerry Wright of the Pasadena, Texas Police Department testified that on several
occasions, he clearly explained to appellant that he was required to verify his
registration annually for the remainder of his life.  In addition, appellant signed an AAffirmation of Sex Offender Status@ that detailed the annual
registration requirements and explained that failure to comply is a felony
offense.  Most significantly, appellant
acknowledged at trial that he knew of the registration requirements.  He initially registered when he was paroled
in 1998 and verified his registration annually for approximately six
years.  However, he Ajust forgot@ to register in 2003 because he was
busy with work and family.  Therefore, as
applied to appellant, the SORP gave fair notice of the registration
requirements.  Cf. Lambert v.
California, 355 U.S. 225, 227B30 (1957) (holding California law
requiring convicted felons to register was unconstitutional as applied to the
defendant whom did not have notice of the duty to register).

With
respect to the second aspect of the void for vagueness doctrine, appellant
claims the SORP results in arbitrary and discriminatory enforcement.  When analyzing the second aspect, we focus on
whether a statute provides determinate guidelines for law enforcement to
policemen, judges, and juries.  See
Kolender, 461 U.S. at 358; Long, 931 S.W.2d at 288.  However, appellant does not argue that the
SORP fails to provide determinate guidelines for law enforcement.[3]








Regardless,
the SORP does provide determinate guidelines for law enforcement.  The SORP is quite explicit in its
requirements and enforcement standards.  See,
e.g., TEX. CODE CRIM. PROC. ANN. art. 62.03 (detailing how and when
authorities are to inform sex offenders about the registration program and
register offenders); art. 62.06 (detailing verification requirements); art.
62.10 (detailing what constitutes a violation of the SORP).  In short, nothing is left to the discretion
of law enforcement officers.  Therefore,
the SORP does not encourage arbitrary and discriminatory enforcement.  See Reyes v. State, 119 S.W.3d 844,
848 (Tex. App.CSan Antonio 2003, no pet.) (holding
that the SORP does not permit arbitrary or discriminatory enforcement because
its requirements are sufficiently detailed that enforcement is not relegated to
subjective interpretation); see also Ex Parte Mercado, No.
14-02-00750-CR, 2003 WL 1738452, at *8 (Tex. App.CHouston [14th Dist.] 2003, no pet.)
(not designated for publication) (recognizing Avirtually nothing@ is delegated to policemen, judges,
or juries regarding how the SORP is enforced); cf. Kolender, 461 U.S. at
358B62 (finding California anti-loitering
statute requiring persons who wandered the streets to present Acredible and reliable@ identification when requested by a
police officer was unconstitutionally vague because it vested complete
discretion in the police officer to determine what constituted Acredible and reliable@ identification).

Further,
the evidence establishes that law enforcement authorities followed the SORP=s guideline in appellant=s situation.  Specifically, appellant was required to
report to the police department to verify his registration every year, no later
than thirty days after his birthday.  See id. art. 62.06(a).  When appellant failed to do so in 2003,
Detective Wright determined he had violated the SORP and arrested him.  See id. art. 62.10(a) (stating person
commits an offense by failing to comply with any SORP requirement). 

Accordingly,
because appellant had fair notice of the SORP=s requirements, and the SORP does not
encourage arbitrary and discriminatory enforcement, we reject appellant=s challenge that the SORP is
unconstitutionally vague on its face. 
Appellant=s first and second issues are overruled. 

Ex Post Facto Challenge

In his
third and fourth issues, appellant contends the SORP violates the ex post facto
clauses of the United States Constitution and the Texas Constitution.  Specifically, appellant contends the
registration requirements had not been enacted at the time of his conviction
for sexual assault; therefore, the SORP retroactively imposes greater
punishment than originally attached to the offense when committed.








A law
that inflicts a greater punishment than the law attached to a criminal offense
when committed violates the ex post facto clause.  See Rodriguez v. State, 93 S.W.3d 60,
66 (Tex. Crim. App. 2002); Dean v. State, 60 S.W.3d 217, 219B20 (Tex. App.CHouston 2001, pet. ref=d). 
When analyzing an ex post facto challenge, we must decide whether the
law is being applied retroactively, and, if so, whether it constitutes
punishment for constitutional purposes.  Rodriguez,
93 S.W.3d at 67; Dean, 60 S.W.3d at 220. 
The Texas Court of Criminal Appeals and this court have held that the
SORP is civil and remedial in natureCnot punitive; thus, its retroactive
application does not violate the ex post facto clause.  See Rodriguez, 93 S.W.3d at 69, 79; Dean,
60 S.W.3d at 219B25; see also Lantz, 2003 WL 21282786, at *2.[4]  Accordingly, we reject appellant=s ex post facto challenge.  Appellant=s third and fourth issues are overruled.

The
judgment of the trial court is affirmed.

 

/s/        Charles
W. Seymore

Justice

 

Judgment rendered and Opinion filed
October 5, 2004.

Panel consists of Justices Edelman,
Seymore and Ray.[5]

Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  Although
appellant separately briefed his United States and Texas constitutional issues,
he cites no authority that the Texas Constitution offers any greater or
different protection than the United States Constitution.  Therefore, we will not address the Texas
constitutional claims separately.  See
Black v. State, 26 S.W.3d 895, 896 n.4 (Tex. Crim. App. 2000); Lantz v.
State, Nos. 14-02-00726-CR, 14-02-00787-CR, 2003 WL 21282786, at *1 n.5
(Tex. App.CHouston [14th Dist.] 2003, pet. ref=d) (not designated for publication).





[2]  The state
contends that appellant waived his constitutional challenge by failing to
object at trial.  While a facial
challenge to the validity of a statute may be raised for the first time on
appeal, an as-applied challenge may not.  Curry v. State, 910 S.W.2d 490, 496 (Tex.
Crim. App. 1995); McGowan v. State, 938 S.W.2d 732, 741B42 (Tex. App.CHouston
[14th Dist.] 1996), aff=d
sub nom. by Weightman v. State, 975
S.W.2d 621 (Tex. Crim. App. 1998).  Here,
appellant frames his challenge as a facial challenge although he must first
prevail on the threshold as applied challenge. 
There is some authority that in the limited context of a facial
challenge, an appellate court must address the threshold as-applied challenge
even if the issue was not raised below.  See
Sullivan v. State, 986 S.W.2d 708, 713B14 (Tex.
App.CDallas 1999, no pet.). 
Therefore, we will address the threshold as-applied challenge.





[3]  Instead, he
claims the SORP results in arbitrary and discriminatory enforcement because
those who have notice and those who do not are prosecuted alike.  Therefore, he essentially rehashes his
argument that the SORP does not give notice to a sex offender of the duty to
register.





[4]  Moreover, the
United States Supreme Court has upheld a similar statute.  See Smith v. Doe, 538 U.S. 84, 105B06 (2003) (holding Alaska=s sex offender registration program did not violate ex
post facto clause).  





[5]  The Honorable
Elizabeth Ray, Judge of the 165th District Court of Harris County, sitting by
assignment pursuant to Tex. Gov=t Code Ann. ' 74.003(h) (Vernon Supp. 2004).