**Affirmed and Memorandum Opinion filed December 17, 2015.**



In The

# Fourteenth Court of Appeals

NO. 14-14-00499-CR
NO. 14-14-00500-CR

## KHALON  JAVON  WESTBROOKS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

### On Appeal from the 351st District Court
### Harris County, Texas
### Trial Court Cause Nos. 1342448 & No. 1342449

## M E M O R A N D U M   O P I N I O N

Appellant Khalon Javon Westbrooks challenges his convictions for aggravated sexual assault and burglary, asserting the trial court erred in allowing certain impeachment evidence and in treating involuntary intoxication as an affirmative defense in the jury charge.  We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Armed with a knife, appellant kicked down the door and entered the

apartment of a family of four. Appellant ransacked the apartment looking for drugs and money. When the family told appellant they did not have either, appellant became upset and choked the father. Appellant then attacked the mother, penetrating her vaginally and orally. After appellant left, the mother called 911. Officer Carlos Garcia responded within minutes. The mother ran to meet Officer Garcia outside the apartment. As the mother was telling Officer Garcia what had happened, the mother noticed appellant walking toward them and identified him as her attacker. Officer Garcia searched appellant and found the father's credit card in appellant's wallet as well as several knives, a ring, some money, a bottle of prescription pills, and two remote controls. Appellant was arrested and charged by indictment with aggravated sexual assault and burglary of a habitation.

In the trial that followed, appellant testified he attended a party on the night in question. He testified he smoked marijuana and consumed several alcoholic beverages, but that he did not remember the events of the evening after leaving the party. Appellant's ex-girlfriend testified that she saw appellant the night of the party and she and appellant decided to have sexual intercourse. The ex-girlfriend testified that appellant could not maintain an erection, so she obtained a "Clonazepam" from a woman down the street. The ex-girlfriend slipped the pill into appellant's drink while he was in the restroom in the hope that it would allow the two of them to have sex. The ex-girlfriend testified that she did not know the effects of Clonazepam but had been told it would help. The ex-girlfriend testified she did not tell appellant she put the pill into his drink because she did not want to bruise his ego. Appellant stated he did not know he had consumed a pill and could not remember anything the rest of the night. Appellant argued that he was involuntarily intoxicated at the time of the events for which he was charged.

The jury found appellant guilty as charged of both offenses. The trial court

sentenced appellant to 75 years' confinement in the Texas Department of Corrections for aggravated sexual assault and 20 years' confinement in the Texas Department of Corrections for burglary. The trial court ordered the sentences to run concurrently.

Appellant now challenges both convictions. He argues the trial court erred in allowing the prosecutor to impeach his testimony by asking about a public-intoxication arrest because the State gave untimely notice of its intent to do so. Appellant also complains that the trial court erred in treating intoxication as an affirmative defense in the jury charge.

## ANALYSIS

### A. No Abuse of Discretion in Admitting Evidence of Prior Arrest for Public Intoxication

During appellant's case-in-chief in the guilt/innocence phase, appellant sought to show that he was involuntarily intoxicated at the time of the events for which he was charged. During cross-examination appellant testified that on the night in question he voluntarily consumed a shot or two "way before" the party, a beer before the party, and one beer during the party. Appellant testified he was not drunk that night. The prosecutor then asked appellant, "Do you ever get intoxicated?" Appellant responded, "No." The prosecutor then sought to ask appellant whether he had been arrested for public intoxication the night before the events in question. Appellant objected. The trial court allowed the prosecutor to ask the question and appellant admitted he had been arrested for public intoxication.

In his first issue, appellant asserts the trial court erred in permitting the prosecutor to question appellant regarding the arrest for public intoxication because it was an extraneous bad act and the prosecutor did not provide reasonable

3

notice of the State's intent to use the act until the day before trial. Appellate courts apply an abuse-of-discretion standard in reviewing the admission of extraneous-act evidence. *See De La Paz v. State*, 279 S.W.3d 336, 343 (Tex. Crim. App. 2009); *Morales v. State*, 389 S.W.3d 915, 918 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Appellant filed a motion requesting that the State provide notice of "[a]ny and all evidence of crimes, wrongs, or acts of the Defendant herein that the State intends to offer at time of trial for any purpose, including, but not limited to, impeachment, motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or accident, or character." On appeal, appellant argues that allowing this evidence to be admitted at trial violated Texas Rule of Evidence 404(b) and Texas Code of Criminal Procedure article 37.07, section 3(g) because appellant did not receive proper notice.

Texas Code of Criminal Procedure article 37.07, section 3, entitled "Evidence of prior criminal record in all criminal cases after a finding of guilty," applies to the punishment phase of the trial rather than to the guilt/innocence phase. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3 (West 2016); *Morales v. State*, 389 S.W.3d 915, 920 (Tex. App.—Houston [14th Dist.] 2013, no pet.). Presuming for the sake of argument that appellant's objection to the admission of this evidence during the guilt/innocence phase included an objection under Texas Code of Criminal Procedure article 37.07, section 3(g), the trial court did not err in overruling this objection because this statute does not apply in the guilt/innocence phase. *See* Tex. Code Crim. Proc. Ann. art. 37.07, § 3; *Morales*, 389 S.W.3d at 920.

Texas Rule of Evidence 404(b), entitled "Crimes, Wrongs, or Other Acts," provides:

**(1)** *Prohibited Uses.* Evidence of a crime, wrong, or other act is not

4

admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

**(2)** ***Permitted Uses; Notice in Criminal Case.*** This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. On timely request by a defendant in a criminal case, the prosecutor must provide reasonable notice before trial that the prosecution intends to introduce such evidence—other than that arising in the same transaction—in its case-in-chief.

Tex. R. Evid. 404(b) (emphasis in original). The prosecutor questioned appellant about his public-intoxication arrest to impeach him during cross-examination in appellant's case-in-chief, after appellant raised the defensive theory of involuntary intoxication. Rule 404(b) requires the State to provide the defendant notice when the State intends to use the evidence during its case-in-chief. *Id*. The notice provision of Rule 404(b) does not apply to impeachment during the appellant's case-in-chief. *See id.*; *Jaubert v. State*, 74 S.W.3d 1, 2–3 (Tex. Crim. App. 2002) (noting that the notice provision of Rule 404(b) applies only to the State's case-in-chief); *Morales*, 389 S.W.3d at 920 (same); *Stringer v. State*, 845 S.W.2d 400, 403 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd) (holding State was not required to give notice of extraneous prior offenses offered into evidence during rebuttal). Because the State was not required to provide appellant notice before using his public-intoxication arrest to impeach him, the trial court did not abuse its discretion in admitting the evidence. *See* Tex. R. Evid. 404(b); *Jaubert*, 74 S.W.3d at 2–3; *Morales*, 389 S.W.3d at 920; *Stringer*, 845 S.W.2d at 403. We overrule appellant's first issue.

## B. No Error in Treating Involuntary Intoxication as an Affirmative Defense in Jury Charge

At the charge conference appellant tendered a proposed jury charge stating

that the State was required to prove beyond a reasonable doubt that appellant was not involuntarily intoxicated. The trial court charged the jury that appellant had the burden to prove by a preponderance of the evidence that he was involuntarily intoxicated. In his second issue, appellant asserts the trial court erred in failing to charge the jury that the State was required to prove beyond a reasonable doubt that appellant was not involuntarily intoxicated because involuntary intoxication is a defense rather than an affirmative defense.

The distinction between a defense and an affirmative defense can be important because the accused carries the burden of proof for an affirmative defense, while the State must disprove a defense. *See* Tex. Penal Code 2.03(d) (West 2011); Tex. Penal Code 2.04(d) (West 2011). The trial court must provide the jury with a written charge setting forth the law applicable to the case. Tex. Code Crim. Proc. Ann. art. 36.14 (West 2016); *Walters v. State*, 247 S.W.3d 204, 208 (Tex. Crim. App. 2007). The State must prove the elements of a crime beyond a reasonable doubt. *Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013). A defendant must prove an affirmative defense by a preponderance of the evidence. Tex. Penal Code Ann. § 2.04(d); *Matlock*, 392 S.W.3d at 667.

Appellant contends that involuntary intoxication is not an affirmative defense because it is not identified as such in the Texas Penal Code. Section 2.04, entitled "Affirmative Defense," provides "an affirmative defense in this code is so labeled by the phrase: 'It is an affirmative defense to prosecution.'" Tex. Penal Code Ann. § 2.04. The affirmative defense of involuntary intoxication does not appear in the Texas Penal Code. *See Farmer v. State*, 411 S.W.3d 901, 911–15 (Tex. Crim. App. 2013) (Cochran, J., concurring). Appellant argues that because involuntary intoxication does not appear in the Texas Penal Code, it is not an affirmative defense under the plain meaning of section 2.04's language.

6

Section 2.04 does not address every possible affirmative defense nor does this statute state that every possible affirmative defense is listed in the Texas Penal Code. Instead, section 2.04 simply states that the affirmative defenses that are in the code are labeled as such. Because involuntary intoxication is not in the Texas Penal Code, it is irrelevant that the Texas Penal Code does not label involuntary intoxication an affirmative defense. *See id.*

In any event, the Court of Criminal Appeals has determined that involuntary intoxication is an affirmative defense. *See Mendenhall v. State*, 77 S.W.3d 815, 817–18 (Tex. Crim. App. 2002); *Torres v. State*, 585 S.W.2d 746, 750 (Tex. Crim. App. [Panel Op.] 1979). We are bound to follow the law as declared by the state's highest courts. *See Rodriguez v. State*, 47 S.W.3d 86, 94 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd). Thus, we must follow the Court of Criminal Appeals's conclusion that involuntary intoxication is an affirmative defense. *See Mendenhall*, 77 S.W.3d at 817–18; *Torres*, 585 S.W.2d at 750; *Rodriguez*, 47 S.W.3d at 94. Because involuntary intoxication is an affirmative defense, the trial court did not err in charging the jury that appellant had to prove he was involuntarily intoxicated by a preponderance of the evidence. *See* Tex. Penal Code Ann. § 2.04(d); *Mendenhall*, 77 S.W.3d at 817–18. We overrule appellant's second issue.

## CONCLUSION

The trial court did not abuse its discretion in allowing the State to impeach appellant during the guilt/innocence phase regarding his arrest for public intoxication. The trial court did not err in charging the jury on involuntary intoxication as an affirmative defense. Having overruled appellant's issues, we affirm the trial court's judgment.


/s/     Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Christopher and Donovan.
Do Not Publish — TEX. R. APP. P. 47.2(b).