NO. 07-01-0390-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 21, 2003

_____

DEANNA KAY PORTER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW OF RANDALL COUNTY;

NO. 2001-60380-L; HONORABLE JAMES W. ANDERSON, JUDGE

_____

Before JOHNSON, C.J., and REAVIS, J., and BOYD, S.J.[1]

OPINION

Appellant Deanna Kay Porter appeals from her conviction for failing to report that she had cause to believe a child's welfare had been adversely affected by abuse or neglect. We affirm.

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

During the relevant time period, appellant operated New Children's Learning Center, a licensed daycare facility in Canyon, Texas. On March 14, 2001, employees of the center took groups of children in care to a local park for outings. One of the groups included three-year old Nadina Hinojosa. Due to a late addition to the group, some confusion occurred in counting the children in Nadina's group. When the children were removed from the van in which her group traveled to the park, Nadina was inadvertently left in the van. The van was parked under a tree with its windows slightly opened. The group of children and supervisors returned to the van after approximately one and one-half hours. Nadina appeared to have been crying, had "clammy-feeling" skin and was possibly dehydrated.

When the van and children returned to the center, the incident was reported to appellant in accordance with established center policy. Nadina was monitored by the center staff during the remainder of the day. Testimony from the center's staff was to the effect that Nadina told jokes, laughed, ate a snack and drank water. Testimony did not indicate that the staff noticed adverse effects from the incident.

When Nadina's mother, Adelmira Hinojosa, picked up the child that afternoon, appellant reported the incident to Adelmira. Adelmira later reported the incident to the Department of Protective and Regulatory Services (DPRS).

Appellant was charged with knowingly failing to report the incident when she had cause to believe that Nadina's physical or mental health or welfare had been or may be

2

adversely affected by abuse or neglect.  See Tex. Fam. Code Ann. § 261.109 (Vernon 2002).[2]  A jury found her guilty and the trial court assessed punishment at a fine of $500.

Via one issue, appellant challenges the factual sufficiency[3] of the evidence to support her conviction.  She asserts that the elements of the offense are: (1) the defendant; (2) had cause to believe; (3) that a child's physical or mental health or welfare has been or may be adversely affected; (4) by abuse or neglect; and (5) knowingly failed to report the suspected abuse or neglect.  She posits that the State was required to independently prove each separate element, and that the State's proof was factually insufficient to prove elements (3), (4) and (5) of the offense; that is, that Nadina's physical or mental health or welfare has been or may be adversely affected; that Nadina was actually abused or neglected; and that appellant failed to report as required by Family Code chapter 261.

The State's response is that the statutory language does not require proof that Nadina was actually abused or neglected, only that appellant had cause to believe that Nadina's physical or mental health or welfare was or may be adversely affected by abuse or neglect.  The State urges that the evidence is factually sufficient.

---

[2]Reference to a provision of the Family Code hereafter will be by reference to "Family Code § _", or by reference merely to "§ _."

[3]Appellant's sole issue asserts error by the trial court in failing to direct a verdict in her favor "when the evidence was factually insufficient to sustain" her conviction.  The issue seems to mingle legal insufficiency and factual insufficiency challenges.  However, appellant briefs only the appellate standard of review for factual insufficiency challenges, and at oral submission she asserted factual insufficiency as the basis for her appeal.

We first consider whether the State's burden was to prove actual abuse or neglect as a separate element of the offense. Appellant cites, in part, White v. State, 50 S.W.3d 31, 39 (Tex.App.--Waco 2001, pet. ref'd), as support for her contention that the State has the burden to prove that the child actually was abused or neglected as a separate element of a § 261.109 offense. White, however, specified that ". . . the elements for this offense are that: (1) the defendant; (2) had cause to believe that a child had been or may be abused or neglected; and (3) knowingly failed to report this abuse or neglect." Id. at 40-41. The White court construed appellant White's appeal as challenging only the State's evidence as to the element of the offense ". . . that *she had cause to believe that C.W. [the child] had been abused on the five occasions in question.*" Id. at 41(emphasis added). We do not read White as supporting appellant's contention.

Appellant also references Morris v. State, 833 S.W.2d 624, 627 (Tex.App.--Houston [14th Dist.] 1992, pet. ref'd), in support of her position. She refers to the Morris court's statement that appellant Morris "most certainly had 'cause to believe' that the child was being subjected to abuse," see id. at 627, as supporting her position. We, however, consider the quote referred to as measuring evidentiary sufficiency in the case, not as a holding that the State must prove abuse or neglect as a separate element of the offense. To the contrary, we read Morris to be supportive of the State's position in the instant appeal. The statutory language in question in Morris required "a person having cause to believe that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect by any person" to report in accordance with specified

provisions of the Family Code. In considering whether the statutory language was unconstitutionally vague, the Morris court held that the language gave fair notice to a person of ordinary intelligence that a report must be filed with appropriate agencies "when [the person] has cause to believe that a child is being abused." Id. at 627.

We are in agreement with White and Morris as we read them to hold that actual abuse or neglect is not a separate element of the offense. The language "cause to believe" applies to the entire phrase "that a child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect." See TEX. GOV'T CODE ANN. § 311.011(a) (Vernon, 1998) (words and phrases shall be read in context and construed according to rules of grammar and common usage); Morris, 833 S.W.2d at 627. The State is not required to prove, as an element of the offense, that abuse or neglect actually occurred; only that appellant had cause to believe that abuse or neglect occurred. See Family Code § 261.109; White, 50 S.W.3d at 41; Morris, 833 S.W.2d at 627.

Having determined that the State was not required to prove abuse or neglect as a separate element of the offense, we turn to appellant's evidentiary challenge.

Review of the evidence for factual sufficiency to support a conviction entails a neutral review of all the evidence, both for and against the finding. The evidence is factually insufficient if such a review demonstrates that (1) the proof of guilt, standing alone, is too weak to support a finding of guilt, or (2) the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. See Johnson v. State, 23 S.W.3d

1, 11 (Tex.Crim.App. 2000). Unless the record clearly reveals that a different result is appropriate, an appellate court must defer to the factfinder's determination concerning what weight to give contradictory testimonial evidence because resolution often turns on an evaluation of credibility and demeanor, which is primarily a determination to be made by observation of the witnesses giving the testimony. Id. at 8.

Appellant questions the factual sufficiency of proof that Nadina's physical or mental health or welfare has been or may have been adversely affected; that Nadina was actually abused or neglected; and that appellant failed to report as required by Family Code chapter 261. Because we have previously determined that the State did not have to prove actual abuse or neglect, we need not address the sufficiency challenge as to proof of actual abuse or neglect. Thus, we begin by addressing sufficiency of the proof that appellant had cause to believe that the child's physical or mental health or welfare has been or may be adversely affected by abuse or neglect.

As part of the charge, the jury was instructed that "neglect" includes placing a child in or failing to remove a child from a situation that a reasonable person would realize requires judgment or actions beyond the child's level of maturity, physical condition, or mental abilities and that results in bodily injury or a substantial risk of immediate harm to the child. See Family Code § 261.001(4)(B)(i).

Adelmira testified that appellant told her Nadina had been left in the van at the park. She also testified that appellant told her steps had been taken to hydrate Nadina. Chris

6

Clark testified that he and Anna Tucek were two of the workers in charge of the children that day at the park and that on discovering Nadina, he made attempts to hydrate the child. He also testified that he and Anna immediately reported the event to appellant. Anna testified that when she found Nadina in the van she saw evidence that Nadina had been upset and crying. Anna was also concerned about Nadina being dehydrated and took immediate steps to hydrate her upon finding her in the van. Anna reported all of this to appellant once she got to the daycare center. Both Chris and Anna testified that they knew to report the incident to appellant because appellant had trained them to report such incidents to her so she could decide if a report should be made.

Michelle Bohannon, of the DPRS and the primary investigator for the licensing division, testified that any child left alone in a van is at risk, regardless of the weather or other external factors. The trial court took judicial notice, and so instructed the jury, that there is a potential for harm any time a child is left alone in a vehicle for an extended period of time.

The evidence shows that appellant was aware that three-year old Nadina had been left in the van alone for over an hour. Appellant knew that her employees were worried about the hydration of the child and that there was evidence the child had been upset and crying. The trial court judicially noticed a potential for harm any time a child is left alone in a vehicle for an extended period of time.

The proof, standing alone, is not too weak to support a finding that appellant had cause to believe that Nadina's physical or mental health or welfare had been or may be adversely affected by having been left in the van and that leaving her in the van was neglect as defined in the statute and jury charge. See Johnson, 23 S.W.3d at 11.

When the State rested and closed, so did appellant. Proof contrary to the State's proof was only developed on cross-examination of the State's witnesses. Appellant directs our attention to evidence and testimony that Nadina was laughing, joking, eating a snack and drinking water, and that Nadina's mother testified that Nadina shows no emotion about the incident. Differing inferences could be drawn from the evidence as a whole. The duty of drawing inferences from the evidence and judging the credibility and weight of such inferences and all the evidence presented, however, is lodged in the factfinder. Deferring to the jury's resolution of witness credibility and conflicts in the evidence, as we must in such matters, we conclude that the proof of guilt is not greatly outweighed by contrary proof. See id. at 11.

We next address sufficiency of the proof that appellant failed to report in accordance with Family Code chapter 261. Appellant contends that the State introduced no proof that she failed to verbally report the incident to some local or state law enforcement agency, the DPRS, or the licensing agency. See § 261.103(a)(1),(2),(3).[4]

---

[4]She does not contend that the State was required to prove that she did not report to another agency. See § 261.103(a)(4),(b).

Her assertion is based on testimony by DPRS representative Bohannon and Canyon Police Department detective Chris Tinsley.

Bohannon testified that the DPRS records, which contained a report of the incident, contained no record of the incident having been reported by appellant or the learning center, and she was not aware of such a report. On cross-examination she admitted that she could not testify that, beyond a reasonable doubt, appellant had not made a verbal report of the incident to one of the thousands of employees of the DPRS.

Detective Tinsley testified that he had worked at the Canyon PD for over 20 years; that he had not encountered a situation in which child abuse had been reported but a record had not been made by the receiving officer; and that the Canyon PD did not have any record of appellant having reported the incident involving Nadina. Tinsley also testified that he checked the statewide police agencies for such a record and none existed. Just as Ms. Bohannon did, Tinsley testified on cross-examination that he had not talked to each officer of the Canyon PD about the case and therefore could not testify beyond a reasonable doubt that appellant had not made a verbal report to one of the officers.

We perceive appellant's argument to be a shade of the "alternative reasonable hypothesis" construct which was rejected in Geesa v. State, 820 S.W.2d 154, 160-61 (Tex.Crim.App. 1991). Under that construct, legal sufficiency of circumstantial evidence proof was tested by whether the State had disproved every reasonable hypothesis raised by the evidence in the record except the defendant's guilt. See id. at 156-59. That is, the

evidence was tested not by what the State proved, but by what the State failed to disprove. Id. As noted, such standard has been rejected in legal sufficiency reviews. In a factual sufficiency analysis the existence of alternative reasonable hypotheses raised by the record may still be considered, but the existence of such hypotheses is not determinative. See Wilson v. State, 7 S.W.3d 136, 141 (Tex.Crim.App. 1999).[5]

The record before us reveals that appellant was the proprietor of a licensed daycare center. The Minimum Standards and Guidelines for Daycare Centers was introduced into evidence. In addition to reporting requirements of the Family Code which apply to all persons, the Minimum Standards required daycare centers to report incidents such as the one involving Nadina. The only evidence that a report was made came from Nadina's mother who testified that she reported the incident and from Bohannon who testified that to her knowledge and according to DPRS records one report was made. Neither the DPRS records nor the police records contained a record of a report from appellant or her daycare center. No evidence appears creating an inference that appellant or anyone acting on her behalf reported the incident verbally. The hypothesis that appellant reported the incident is not supported by record evidence. On the other hand, the State presented evidence from which the jury could have found that she did not. The record evidence, viewed in a neutral light and standing alone, is not too weak to support a finding that appellant did not report, and the proof of guilt is not greatly outweighed by contrary proof.

---

[5]See also Chambers v. State, 711 S.W.2d 240, 245 (Tex.Crim.App. 1986) (Either evidence permits a rational trier of fact to find the essential elements of the offense beyond a reasonable doubt or it does not. What is not in evidence is irrelevant to a determination of the sufficiency of the evidence).

Accordingly, the evidence is factually sufficient to support the jury's finding that appellant did not report as required by the Family Code.

The evidence is factually sufficient to support the jury's finding of guilt. <u>See</u> <u>Johnson</u>, 23 S.W.3d at 11.  The conviction is affirmed.

Phil Johnson<br>
Chief Justice

Publish.