Affirmed and Memorandum Opinion filed December 30, 2008








Affirmed and Memorandum Opinion filed December 30, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00710-CR

____________

 

OLUMUYIWA AKINTUNDE ADAMS, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the County
Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 1413923

 



 

M E M O R A N D U M   O P I N I O N

A jury convicted appellant Olumuyiwa Akintunde Adams of
failure to report child abuse, and the trial court sentenced him to 180 days= confinement in
the Harris County Jail and a $2000 fine.  In three issues, appellant alleges
(1) the failure to report child abuse statute is unconstitutionally vague, (2)
the evidence is legally insufficient to prove that complainant=s mental, physical
or emotional welfare was harmed, and (3) the evidence is factually insufficient
to prove the prosecution was brought within the two-year statute of
limitations.  We affirm.








I.  Background

Appellant and his wife, Aleshia Aikens-Adams (Aikens), have
four children:  R.A., B.A., M.A. (complainant), and S.A.  On the morning of
November 2, 2006, Aikens found blood in six-year-old S.A.=s panties while
getting her ready for school.  After S.A. claimed that sixteen-year-old R.A.
had stuck his Athing@ in her Abutt,@ Aikens sought
emergency medical attention.  S.A. had vaginal and rectal injuries and required
emergency reconstructive surgery.  While S.A. was being transferred for
surgery, Aikens decided that she wanted to have complainant (then eight years
old) examined as well.

Detective Joe King of the Harris County Sheriff=s Office arrived
at the hospital to investigate S.A.=s assault. 
Complainant approached Detective King and gave him a statement that led him to
investigate appellant and Aikens[1]
for failure to report child abuse.  At trial, Detective King testified that
complainant told him R.A. had sexually assaulted her approximately three years
earlier and she had told B.A. about the previous sexual assaults.  B.A. then
told their parents, and they threatened to kick R.A. out of the house, but
complainant persuaded them not to.  Afterwards, R.A. continued to assault
complainant; however, complainant said she usually lied to her parents when
they asked her if the abuse had reoccurred.  Complainant stated that she was
talking to Detective King because she was scared and wanted the abuse to stop.

At appellant=s home, police
found six pairs of girls= panties ranging in size from four to
eight with possible blood stains on them, including one size-eight pair around
which a Adust ring@ had collected. 
Deputy William R. Campbell stated that the dust ring showed that the panties
had been on the floor for some time, though he could not tell precisely how
long.  Appellant and Aikens were subsequently arrested for failure to report
child abuse.








At trial, complainant testified that R.A. had abused her on
multiple occassions, and the record contains evidence of multiple instances of
abuse. The jury found appellant guilty of failure to report child abuse and
this appeal followed.

II. 
Sufficiency of the Evidence

Appellant=s second and third issues concern the
sufficiency of the evidence.  In Texas, a person commits a class B misdemeanor
if he has Acause to believe that a child=s physical or
mental health or welfare has been or may be adversely affected by abuse@ and knowingly
fails to report it to authorities immediately.  See Tex. Fam. Code Ann. '' 261.101(a),
261.109 (Vernon 2002 & Supp. 2008).  The State is barred from prosecuting a
defendant for a class B misdemeanor that occurred more than two years prior to
the date on which the information is filed.  See Tex. Code Crim. Proc. Ann. art. 12.02 (Vernon 2005). 
Appellant specifically challenges the sufficiency of the evidence to show that
(1) he had the requisite Acause to believe@ R.A. had abused
complainant within the two-year limitations period and (2) complainant=s physical or
mental health or welfare was harmed.

A.  Statute of Limitations








In his third issue, appellant challenges the factual
sufficiency of the evidence to support a finding that he developed Acause to believe@ that R.A. had
abused appellant within the two-year statutory limitations period.  We therefore
limit our factual sufficiency review to that context.  See White v. State,
50 S.W.3d 31, 41 (Tex. App.CWaco 2001, no pet.) (limiting factual
sufficiency review to Acause to believe@ element when
appellant framed issue in that limited context).  Where there is some evidence
that an action is time-barred and the defendant requests a jury instruction on
the limitations defense, the State must prove beyond a reasonable doubt that
the charged offense occurred within the applicable statute of limitations.  See
Proctor v. State, 967 S.W.2d 840, 843B44 (Tex. Crim.
App. 1998).  Because the charging instrument in this case was filed November 3,
2006, the State was required to prove that on or after November 2, 2004,
appellant developed cause to believe that R.A. had abused complainant.[2]








In evaluating the factual sufficiency of the evidence, we
view all the evidence in a neutral light and will set aside the verdict only if
we are able to say, with some objective basis in the record, that the
conviction is clearly wrong or manifestly unjust because the great weight and
preponderance of the evidence contradicts the jury=s verdict.  Watson
v. State, 204 S.W.3d 404, 414B17 (Tex. Crim.
App. 2006).  We cannot declare that a conflict in the evidence justifies a new
trial simply because we disagree with the jury=s resolution of
that conflict, and we do not intrude upon the jury=s role as the sole
judge of the weight and credibility of witness testimony.  See id. at
417; Fuentes v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The
jury may choose to believe all, some, or none of the testimony presented and
can disbelieve a witness=s recantation.  Chambers v. State,
805 S.W.2d 459, 461 (Tex. Crim. App. 1991); In re A.B., 133 S.W.3d 869,
872 (Tex. App.CDallas 2004, no pet.).  In our review, we discuss the
evidence appellant claims is most important in allegedly undermining the jury=s verdict, Sims
v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003), and if we determine
the evidence is factually insufficient, we must explain in exactly what way we
perceive the conflicting evidence to greatly preponderate against conviction.  Watson,
204 S.W.3d at 414B17.  We engage in the same review of the
factual sufficiency of the evidence in the statute of limitations context.  See
Zuliani v. State, 97 S.W.3d 589, 595 (Tex. Crim. App. 2003) (determining
factual sufficiency standard applies to rejected defenses); Proctor, 967
S.W.2d at 843B44 (recognizing statute of limitations as a defense); Lemell
v. State, 915 S.W.2d 486 (Tex. Crim. App. 1995) (recognizing legitimacy of
sufficiency review in statute of limitations context).

Complainant testified that R.A. sexually abused her Aa lot of times,@ and the record
contains evidence of multiple incidents of sexual assault which occurred at
various points in time.  Appellant=s argument focuses
on four incidents in the record: (1) R.A.=s Aaccidental@ touching of
complainant while either clothing or bathing her, (2) B.A.=s finding R.A. on
top of complainant with their clothes off in appellant=s bedroom, (3) the
police=s discovery of
panties and other items with possible blood stains on them in appellant=s home, and (4)
R.A.=s guilty plea to
sexually abusing complainant on September 1, 2005.

Appellant maintains that the first two incidents both
occurred outside the limitations period. In the first incident, complainant
told her parents that R.A. touched her on her Apanties.@  Aikens testified
that she and appellant determined the incident to be accidental and
non-sexual.  However, Aikens also testified that appellant punishes the
children with whippings and whipped R.A. after learning of the incident.  But
even if the incident was intentional and sexual in nature, the evidence only
supports the incident as having occurred well outside the two-year limitations
period, as appellant asserts.

In the second incident, B.A. walked into appellant=s bedroom to find
R.A. naked and on top of complainant, who was also naked.  Appellant dismisses
this incident as occurring outside the limitations period, but the jury was
faced with conflicting evidence regarding when this incident occurred and
whether appellant was aware of it.[3]








On one hand, some evidence supports a finding that this
incident occurred within the limitations period and that appellant had cause to
believe it had occurred.  Complainant testified at trial that the incident
occurred when she was eight years old and in the second grade (the 2005B2006 school year)Cwell within the
limitations period.  B.A. acknowledged previously telling a CPS caseworker that
he reported the incident to his parents, who whipped R.A., warned him not to do
it again, and gave him Aone last chance.@  Also, the jury
viewed a recording of Susan Odhiambo=s forensic
interview of B.A.  In the interview, B.A. states that he informed Aikens of the
incident on the day it occurred and then she and appellant had a long talk with
R.A., decided against kicking him out, took away his television privileges for
three months, and made complainant sleep with them Afor a pretty long
time.@  This evidence
supports appellant=s conviction by showing he had cause to
believe R.A. was abusing complainant within the limitations period.








On the other hand, some evidence regarding this incident
contradicts the evidence supporting appellant=s conviction.  At
trial, both B.A. and complainant recanted their previous statements, claiming
they had lied about telling their parents of the incident and about R.A.=s subsequent
punishment.  In his taped forensic interview with Odhiambo, B.A. stated that
the incident occurred when he was eight years old and in the third grade (the
2003B2004 school year)
at a house the family moved from when he was in the fifth grade (the 2005B2006 school
year).  But he claimed at trial that the incident occurred when he was in the
fourth grade (the 2004B2005 school year), complainant was five or
six (complainant was actually six or seven at that time), and the family was
living in a house that they left Aa couple of months@ before S.A. was
assaulted on November 2, 2006.  Aikens denied that B.A. ever told her of the
incident.  Instead, Aikens stated that on November 2, 2006 complainant told her
that R.A. had touched her at the family=s former home,
which she claimed the family had moved from approximately one year and seven
months before S.A. was assaulted.  Additionally, Dr. Robert DeAngelo (who met
with appellant and Aikens following their arrest) testified that appellant
stated he was only aware of the Aaccidental@ touching incident
(discussed as the Afirst incident@ above), which
occurred outside the limitations period.

Although B.A. and complainant recanted their previous
statements suggesting appellant had cause to believe R.A. was abusing
appellant, the jury was free to disbelieve their recantations and believe only
their testimony that appellant was aware that B.A. found R.A. abusing
complainant in appellant=s bedroom, and therefore had cause to
believe R.A. was abusing complainant.  See Chambers, 805 S.W.2d at 461. 
The jury was also free to disbelieve B.A.=s inconsistent
accounts regarding when that incident took place and to believe complainant=s testimony that
the incident occurred within the limitations period.   Fuentes, 991
S.W.2d at 271.  Moreover, the jury was free to believe B.A=s testimony that
the family only moved from the house a couple of months before S.A.=s assault and
disregard the other accounts of when the family moved given by B.A. prior to
trial and in Aikens=s testimony at trial.  See Watson,
204 S.W.3d at 417; Fuentes, 991 S.W.2d at 271. 








In sum, the jury was faced with conflicting evidence
regarding whether appellant developed cause to believe R.A. was abusing
complainant, but resolved that conflict in favor of conviction. We are not at
liberty to order a new trial simply because we may disagree with the jury=s resolution of
conflicting evidence.  See Watson, 204 S.W.3d at 417; Fuentes,
991 S.W.2d at 271. Further, we cannot say, based on our neutral review, that
the conflicting evidence in the record contains an objective basis for
concluding appellant=s conviction is clearly wrong or
manifestly unjust because the great weight and preponderance of the evidence
contradicts the jury=s verdict.  We conclude the evidence is
factually sufficient to prove that appellant developed the requisite Acause to believe@ within the
limitations period.[4] 
We therefore overrule appellant=s third issue.

B.  Evidence of Harm to Complainant=s Mental or
Physical Health or Welfare

In his second issue, appellant contends that the evidence
is legally insufficient to prove that complainant=s physical or
mental health or welfare was harmed by R.A.=s abuse. In reviewing
a legal sufficiency challenge, we view the evidence in the light most favorable
to the verdict and determine whether a rational trier of fact could have found
the essential elements of a crime beyond a reasonable doubt.  Salinas v.
State, 163 S.W.3d 734, 737 (Tex. Crim. App. 2005).  The jury, as the trier
of fact, Ais the sole judge of the credibility of the witnesses
and of the strength of the evidence.@  Fuentes,
991 S.W.2d at 271.  The jury may choose to believe or disbelieve any portion of
the witnesses= testimony.  Sharp v. State, 707 S.W.2d 611,
614 (Tex. Crim. App. 1986).  The jury may also draw reasonable inferences from
basic facts to ultimate facts.  Clewis v. State, 922 S.W.2d 126, 133
(Tex. Crim. App. 1996). 








Appellant maintains that because neither forensic
interviewer Odhiambo (who only met with complainant once) nor Dr. DeAngelo
(who, according to the record, only met with appellant and Aikens) could
testify to any actual harm suffered by complainant, there is insufficient
evidence to prove complainant=s mental, emotional or physical welfare
was harmed.  We begin by noting that, contrary to appellant=s interpretation,
the offense of failure to report child abuse does not require proof of actual
harm to complainant.  Rather, the statute provides that a person commits an
offense if he has Acause to believe that a child=s physical or
mental health or welfare has been or may be adversely affected by abuse@ and knowingly
fails to report it to authorities immediately.  See Tex. Fam. Code Ann. '' 261.101(a),
261.109 (Vernon 2002 & Supp. 2008).  Thus, the statute requires, at the
least, proof that complainant was potentially harmed by abuseCit does not
require proof of actual harm.  See Porter v. State, 121 S.W.3d 404, 408
(Tex. App.CAmarillo 2003, pet. ref=d) (considering,
in sufficiency review, evidence that there is a potential for harm any time a
child is left alone in a vehicle for an extended period of time as weighing in
support of conviction for failure to report).  As appellant admits, Odhiambo
and Dr. DeAngelo testified that sexual abuse generally affects the mental or
physical welfare of a child, and ample evidence established complainant had
been abused.  That evidence sufficiently demonstrates the potential harm required
to convict appellant.  See id.  

Furthermore, even assuming that proof of actual harm was
required, there is sufficient evidence in the record that R.A.=s abuse actually
harmed complainant=s physical or mental welfare.  Complainant
testified that R.A. sexually assaulted her Aa lot of times@ and that she
screamed during the abuse on at least one occasion, causing R.A. to hit her. 
She also testified that she bled twice from the abuse.  Detective King
testified that complainant told him she was talking to him because she was
scared and wanted the abuse to stop.  The jury as fact-finder may have reasonably
inferred from this evidence that R.A.=s abuse actually
harmed complainant=s physical or mental health or welfare.  See
Clewis, 922 S.W.2d at 133 (jury may draw reasonable inferences from basic
facts to ultimate facts); see also Porter, 121 S.W.3d at 408
(considering, in sufficiency review, evidence that child was upset and crying
as demonstrating harm supporting conviction for failure to report).  Thus, we
conclude the evidence is legally sufficient, and we overrule appellant=s second issue.

III.  Constitutionality of the Statute








In his first issue, appellant contends that use of the term
Aimmediately@ in Texas Family
Code section 261.101(a) renders the statute unconstitutionally vague on its
face.  Specifically, appellant argues the statute is unconstitutionally vague
in all of its applications because the term Aimmediately@ is
unconstitutional as a matter of law.  Appellant acknowledges that he presents
the Aexact issue@ addressed in our
prior opinion in Rodriguez v. State, 47 S.W.3d 86, 88B89 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d).

As with any challenge to a statute=s
constitutionality, we begin by presuming the statute is valid and the
legislature has not acted unreasonably or arbitrarily in enacting it.  See
Cotton v. State, 686 S.W.2d 140, 144 (Tex. Crim. App. 1985); Ex parte
Granviel, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978); Ex parte Anderson,
902 S.W.2d 695, 698 (Tex. App.CAustin 1995, pet. ref'd).  In making a
challenge to the facial constitutionality of a statute, appellant must first
satisfy the burden of establishing that the statute is unconstitutional as
applied to him.  Bynum v. State, 767 S.W.2d 769, 774 (Tex. Crim. App.
1989); Rodriguez, 47 S.W.3d at 88.  We held that the same statute
challenged here was sufficiently clear as applied to the appellants in Rodriguez,
who never reported any abuse after witnessing complainant=s mother abuse him
while appellants were living with them for approximately two months.








Here, appellant presents no argument to satisfy his burden
of proving the statute is unconstitutional, either as applied to him
specifically, or, necessarily, in all of its applications.  See Sanchez v.
State, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999) (stating that to be vague
in all its applications, a statute must necessarily be vague as to the
litigant).  Even if appellant had presented such an argument, the record
reflects that appellant was aware of abuse by R.A. that occurred at least six
months before the filing of the information, as discussed above.  But appellant
decided to give R.A. Aone last chance@ instead of
reporting the abuse to authorities.  Thus, the record shows that appellant
apparently never planned to report the abuse, conduct clearly proscribed by the
statute.  See id.; Rodriguez, 47 S.W.3d at 89.  We therefore
follow our decision in Rodriguez and hold that appellant=s facial challenge
fails because the statute is sufficiently clear as applied to him, and
therefore, necessarily, not unconstitutionally vague in all of its applications. 
We overrule appellant=s first issue.

Having overruled all of appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

Judgment
rendered and Memorandum Opinion filed December 30, 2008.

Panel
consists of Justices Yates, Seymore, and Boyce.

Do Not
Publish C Tex. R. App. P. 47.2(b).









[1]  Aikens was tried jointly with appellant and found
guilty. Her appeal is pending in this court in cause number 14-07-00709-CR.





[2]   While the State contends on appeal that the
evidence is sufficient to prove appellant=s
prosecution was not time barred, it alternatively contends the charged offense
is continuous in nature, i.e., one that is not committed by an overt act but by
omission or neglect and continues as long as the neglect continues without
excuse. We need not decide, however, whether the charged offense is continuous
because we agree with the State=s primary
contention that the evidence was factually sufficient for the jury to find
beyond a reasonable doubt that appellant developed the requisite Acause to believe@
within the limitations period.





[3]  Appellant also asserts that the State did not
dispute that this incident occurred three years prior to the filing of the
information but focused instead on the doctrine of continuous offenses. 
However, the record reveals the State primarily argued in closing that it had
presented enough evidence to prove appellant had cause to believe R.A. was
abusing complainant within the limitations period; the State relied on the
theory of continuing offenses as an alternative theory.  The jury was not
charged under a continuous offense theory, but was instructed regarding
appellant=s statute of limitations defensive theory.  We
generally presume the jury follows the trial court=s instructions in the manner presented.  See
Williams v. State, 937 S.W.2d 479, 490 (Tex. Crim. App. 1996) (presuming
jury followed court=s instructions as given).  While this presumption is
rebuttable, we have found no evidence in rebuttal.  See Colburn v. State,
966 S.W.2d 511, 520 (Tex. Crim. App. 1998).





[4]  Because we have found there is sufficient evidence in the record to
support the jury=s implicit finding that the offense
occurred within the limitations period, we need not address the remainder of
appellant=s argument concerning whether the
evidence is factually sufficient as to other incidents discussed in appellant=s brief.  See Guevara v. State, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004) (stating that guilty verdict
will be upheld where there is sufficient evidence on one of the theories
presented and declaring that the law does not require further speculation as to
an appellant=s guilt).